FILED
2022 Feb-24 PM 12:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD CLEMENT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 5:20-cv-890-LCB |
| | ) | |
| **WRIGHT NATIONAL FLOOD** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION & ORDER

This case arises under the National Flood Insurance Program, 42 U.S.C. § 4001, *et seq*. In early 2020, Richard Clement was living in Huntsville, Alabama, when the basement of his home flooded on two separate occasions. Clement filed claims with his flood insurance provider, Wright National Flood Insurance Company, and ultimately recovered over $18,000 in insurance proceeds.

Proceeding pro se, Clement now alleges that Wright erroneously adjusted his claims and owes him an additional $3,000. Wright, unsurprisingly, has a different view of things and moves for summary judgment under Federal Rule of Civil Procedure 56. As explained below, Clement has no cognizable claim against Wright under the National Flood Insurance Program. The Court therefore grants Wright's motion for summary judgment and dismisses this case with prejudice.

I.   **BACKGROUND**

The National Flood Insurance Program—enacted by Congress in 1968—aims to provide affordable flood insurance coverage to the general public. 42 U.S.C. § 4001. FEMA[1] administers the program and promulgates a "Standard Flood Insurance Policy" (SFIP). *Id.* § 4011; 44 C.F.R. pt. 61, app. A(1).[2] FEMA may issue the policy itself or through private insurers known as "Write-Your-Own" (WYO) companies. 42 U.S.C. § 4011; 44 C.F.R. § 62.23(a). Acting as fiscal agents of the federal government, WYOs deposit SFIP premiums into and pay SFIP claims out of the United States Treasury. 42 U.S.C. § 4017(a), (d).

WYOs, however, cannot amend or waive any requirement of the SFIP without the express written consent of FEMA. 42 U.S.C. § 4129; 44 C.F.R. § 61.13(d); 44 C.F.R. pt. 61, app. A(1), art. D. An insured must strictly comply with all SFIP requirements to bring suit under the National Flood Insurance Program. 44 C.F.R. pt. 61, app. A(1), art. R. Federal courts have original jurisdiction over all such claims. 42 U.S.C. § 4072; *see also Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1349 (11th Cir. 2000).

---

[1] FEMA is a federal agency that, among other things, provides "[f]ederal assistance programs for public and private losses and needs sustained in disasters[.]" 44 C.F.R. § 206.3.

[2] For the balance of this opinion, the Court cites to and applies the SFIP regulations in effect at the time Clement's claims arose. *See Wright v. Dir., Fed. Emergency Mgmt. Agency*, 913 F.2d 1566, 1574 (11th Cir. 1990) (holding that a claim arising under the National Flood Insurance Program is governed by the SFIP regulations in effect at the time the claim arose).

## II.    UNDISPUTED FACTS

With this background in mind, the facts at hand are straightforward. In November 2019, Wright National Flood Insurance Company, acting as a WYO, issued a SFIP policy to Richard Clement providing flood insurance coverage for his three-floor home located in Huntsville, Alabama. (Doc. 18-2 at 2); (Doc. 18-3 at 1). The policy provided $200,000 of coverage for the home itself and $80,000 of coverage for its contents. (Doc. 18-3 at 1). The policy was effective from November 2019 to November 2020. *Id.*

In February 2020, the ground floor of Clement's home—which constitutes a basement under the SFIP[3]—flooded. (Doc. 82-2 at 2–3). Clement notified Wright of the flood, and Wright sent Jeannette Bonka, an independent claim adjuster, to Clement's home that same day. *Id.* After inspecting the basement, Bonka issued a report estimating that the covered damage totaled $13,917.55. (Doc. 18-10 at 1, 11). Clement signed a "proof of loss"[4] claiming $13,917.55 under the SFIP, and Wright issued Clement checks for the claimed amount. (Doc. 18-5 at 39–40); (Doc. 18-11 at 1–2). Clement deposited the checks and did not submit a supplemental proof of loss for any additional funds. (Doc. 18-2 at 3–4); (Doc. 18-4 at 44–45, 51); (Doc. 18-5 at 39–40).

---

[3] (Doc. 18-1 at 2); (Doc. 18-4 at 9–10).

[4] A "proof of loss" is an insured's sworn statement of the amount he is claiming under the SFIP. (Doc. 18-1 at 19).

3

In March 2020, Clement's basement suffered another flood. (Doc. 18-2 at 4). Bonka revisited the property and, this time, estimated that the covered damage totaled $4,399.65. (Doc. 18-12 at 1, 8). Clement signed a proof of loss claiming $4,399.65 under the SFIP, and Wright issued Clement a check for the claimed amount. (Doc. 18-6 at 51); (Doc. 18-13 at 1). Clement deposited the check and did not submit a supplemental proof of loss for any additional funds. (Doc. 18-2 at 5); (Doc. 18-4 at 51); (Doc. 18-6 at 51).

In May 2020, Clement sued Wright in the Small Claims Court of Madison County, Alabama, seeking to recover an additional $3,000 on his February 2020 and March 2020 claims. (Doc. 1-1 at 2). Wright removed the case to this Court and moved for summary judgment under Federal Rule of Civil Procedure 56. (Doc. 17 at 1–2). Proceeding pro se, Clement filed a brief and evidentiary materials in opposition of Wright's motion. (Doc. 20 at 1–39).

## III.  LEGAL STANDARDS

The purpose of summary judgment is to identify and dispose of cases where the evidence is insufficient to merit holding a trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when a movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A material fact is one "that might affect the

4

outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

To survive summary judgment, a nonmovant must assert facts that make a sufficient showing on every essential element of his case on which he bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Factual allegations must cite to specific evidentiary materials in the record. FED. R. CIV. P. 56(c). Unsupported or speculative allegations are insufficient to create a genuine dispute of material fact. *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam); *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). Finally, a court views the evidence in the light most favorable to the nonmovant and resolves all reasonable doubts about the facts in the nonmovant's favor. *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 920 F.3d 704, 707 (11th Cir. 2019).

## IV.  DISCUSSION

Clement has no cognizable claim against Wright under the National Flood Insurance Program. One cardinal principle of our Constitution is that "no money can be paid out of the Treasury unless it has been appropriated by an act of Congress." *Cincinnati Soap Co. v. United States*, 301 U.S. 308, 321 (1937); *see also* U.S. CONST. ART. I, § 9, cl. 7. To that end, an insured must strictly comply with all terms and conditions of a federal insurance policy to recover public funds from the

Treasury. *See, e.g.*, *Off. of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 424 (1990); *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384–85 (1947).

For example, the SFIP explicitly states that an insured must fully comply with all policy requirements to recover under the National Flood Insurance Program. 44 C.F.R. pt. 61, app. A(1), art. R. One such requirement is that an insured must file a written proof of loss within 60 days after the loss. 44 C.F.R. pt. 61, app. A(1), art. J(4). Under Eleventh Circuit precedent, failure to satisfy the proof-of-loss requirement bars an insured from bringing suit under the National Flood Insurance Program unless the insured obtains a written waiver of the requirement from FEMA or the insurer-defendant is equitably estopped from raising the requirement as a defense. *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1318–20 (11th Cir. 2003) (per curiam).

The Eleventh Circuit, however, has never considered the precise issue presented by this case: whether an insured who files a proof of loss to recover a certain amount on a SFIP claim must file a supplemental proof of loss to recover an additional amount on the same claim. The First, Fifth, and Eighth Circuits have answered the question in the affirmative, holding that failure to file a supplemental proof of loss bars an insured from recovering an additional amount on the same SFIP claim unless the insured obtains a written waiver of the proof-of-loss requirement from FEMA or the insurer-defendant is equitably estopped from raising the

6

requirement as a defense.[5] District courts within the Eleventh Circuit have adopted the same rule.[6]

These persuasive authorities—and the rule they adopt—are well reasoned and directly aligned with Supreme Court and Eleventh Circuit jurisprudence. Long ago, the Supreme Court observed that "[m]en must turn square corners when they deal with the Government." *Rock Island A. & L.R. Co. v. United States*, 254 U.S. 141, 143 (1920). This does not reflect a callous outlook by the judiciary; it simply "expresses the duty of all courts to observe the conditions defined by Congress for charging the public treasury." *Merrill*, 332 U.S. at 385. Federal courts, as a result, must ensure that strict compliance with the SFIP is a prerequisite to bringing suit under the National Flood Insurance Program. *Sanz*, 328 F.3d at 1318–20. At bottom, the rule adopted by the First, Fifth, and Eighth Circuits aligns with these principles.

---

[5] *See, e.g.*, *DeCosta v. Allstate Ins. Co.*, 730 F.3d 76, 85 (1st Cir. 2013) (holding that an insured must file a supplemental proof of loss to recover additional funds on a SFIP claim unless the insured obtains a written waiver of the proof-of-loss requirement from FEMA); *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015) (affirming summary judgment on a SFIP claim for additional funds where the insured failed to file a supplemental proof of loss); *Gunter v. Farmers Ins. Co.*, 736 F.3d 768, 775 (8th Cir. 2013) (affirming summary judgment on a SFIP claim for additional funds where the insureds failed to file a supplemental proof of loss or show that the insurer-defendant was equitably estopped from raising the proof-of-loss requirement as a defense).

[6] *See, e.g.*, *Barros v. Wright Nat'l Flood Ins. Co.*, 2019 WL 7344832, at *5 (S.D. Fla. Nov. 26, 2019) (granting summary judgment on a SFIP claim for additional funds where the insured failed to file a supplemental proof of loss or obtain a written waiver of the proof-of-loss requirement from FEMA); *Mason v. Liberty Am. Select Ins. Co.*, 2014 WL 11511672, at *3 (N.D. Fla. Aug. 15, 2014) (same); *Moore v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 2014 WL 12700995, at *4 (N.D. Fla. June 27, 2014) (same); *Smith-Pierre v. Fid. Nat. Indem. Ins. Co.*, 2011 WL 3924178, at *3 (S.D. Fla. Sept. 7, 2011) (same); *Ambassador Beach Condo. Ass'n, Inc. v. Omaha Prop. & Cas. Ins. Co.*, 152 F. Supp. 2d 1315, 1317 (N.D. Fla. 2001) (same).

Accordingly, the Court joins its sister courts and adopts the rule that, under the SFIP, an insured who files a proof of loss for a certain amount of funds cannot subsequently bring suit for additional funds on the same claim unless: (1) the insured files a supplemental proof of loss for the additional amount; (2) the insured obtains a written waiver of the proof-of-loss requirement from FEMA; or (3) the insurer-defendant is equitably estopped from raising the requirement as a defense.

Turning back to this case, there is no genuine dispute that Clement failed to file a supplemental proof of loss for either his February 2020 or March 2020 claim. The record shows that Clement submitted a proof of loss for both claims and that Wright issued Clement checks for the full claimed amount. (Doc. 18-5 at 39–40); (Doc. 18-6 at 51); (Doc. 18-11 at 1–2); (Doc. 18-13 at 1). Everyone, including Clement, agrees that Clement deposited the checks and filed no supplemental proof of loss for either claim. (Doc. 18-2 at 3–5); (Doc. 18-4 at 44–45, 51); (Doc. 18-5 at 39–40); (Doc. 18-6 at 51). There is therefore no genuine dispute that Clement failed to submit a supplemental proof of loss for either claim.

There is also no genuine dispute that Clement failed to obtain a written waiver of the proof-of-loss requirement for either his February 2020 or March 2020 claim. Clement attempts to show waiver by arguing that the COVID-19 Pandemic "happened during the same time frame" as his claims and that the virus "globally affected all ways of life, forcing unexpected delays as well for all business

matters[.]" (Doc. 20 at 3). In support Clement points to two bulletins published by FEMA. *Id.* at 6, 22–27.

In the first bulletin, published in March 2020, FEMA extended the grace period for paying premiums to the National Flood Insurance Program. *Id.* at 22. The bulletin makes no mention of and has absolutely no bearing on the proof-of-loss requirement—much less waives the requirement for either of Clement's claims. Accordingly, the first bulletin does not show that Clement received a written waiver of the proof-of-loss requirement.

In the second bulletin, published in April 2020, FEMA encouraged all WYOs to adjust claims remotely in light of the "evolving" COVID-19 pandemic. *Id.* at 24. The bulletin explicitly states that it in no way "constitutes a waiver of any documentation requirements of the SFIP" and even adds that a "Proof of Loss is still due 60 days from the date of loss." *Id.* at 25–26. Accordingly, the second bulletin does not show that Clement received a written waiver of the proof-of-loss requirement. Because nothing else in the record suggests otherwise, there is no genuine dispute that Clement failed to obtain a written waiver of the proof-of-loss requirement for either his February 2020 or March 2020 claim.

Finally, nothing in the record suggests that Wright should be equitably estopped from raising the proof-of-loss requirement as a defense in this case. For equitable estoppel to apply against a government agent in a suit for public funds,

9

there must be evidence that the agent committed "affirmative and egregious misconduct." *Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007). This is an incredibly tough—if not impossible—standard to meet. *See Richmond*, 496 U.S. at 430.

In fact, the Supreme Court "has never upheld an assertion of estoppel against the Government by a claimant seeking public funds." *Miller v. Am. Strategic Ins. Corp.*, 665 F. App'x 351, 354 n.11 (5th Cir. 2016) (per curiam) (quoting *Richmond*, 496 U.S. at 434); *see also* Steve R. Johnson, A*n Irs Duty of Consistency: The Failure of Common Law Making and A Proposed Legislative Solution*, 77 TENN. L. REV. 563, 596 (2010) (explaining that the Supreme Court "has come close to saying that equitable estoppel is never available against the government" and that the Court has never upheld a lower court opinion applying equitable estoppel against the government).

Here, the crux of Clement's grievance is that Bonka erroneously adjusted his February 2020 and March 2020 claims. (Doc. 20 at 3). Even if true, these allegations fall drastically short of showing "affirmative and egregious misconduct" by Wright.[7]

---

[7] *Cf. Sanz*, 328 F.3d at 1320 (holding that equitable estoppel was unavailable where the insurer-defendant: (1) failed to inform the insured about the proof-of-loss requirement; (2) advised the insured that "he had filled out all the necessary paperwork"; and (3) told the insured that his claims would be taken care of); *Lucien v. U.S. Sec. Ins. Corp.*, 143 F. App'x 152, 153 (11th Cir. 2005) (affirming dismissal of a SFIP claim and rejecting the insured's equitable estoppel argument where there was no record evidence of "aggravated and egregious" misconduct by the insurer-defendant).

Considering the record as a whole, and the near impossibility of establishing an estoppel claim against the federal government, nothing in the record establishes that Wright should be equitably estopped from raising the proof-of-loss requirement as defense in this case.

To recap, there is no genuine dispute that Clement failed to submit a supplemental proof of loss for either his February 2020 or March 2020 claim. There is also no genuine dispute that Clement failed to obtain a written waiver of the proof-of-loss requirement for either claim. Further, nothing in the record suggests that Wright should be equitably estopped from raising the requirement as a defense in this case. For these reasons, Clement has no cognizable claim against Wright under the National Flood Insurance Program.

## V.   CONCLUSION

Clement's claim for additional SFIP funds fails as a matter of law because: (1) Clement failed to file a supplemental proof of loss; (2) he failed to obtain a written waiver of the proof-of-loss requirement from FEMA; and (3) nothing in the record suggests that Wright should be equitably estopped from raising the requirement as a defense in this case.[8] Thus, the Court **GRANTS** Wright's motion

---

[8] As an aside, Clement also seeks $166.00 in court costs. (Doc. 1-1 at 2). This claim likewise fails as a matter of law because the National Flood Insurance Program does not allow an insured to recover prejudgment interest awards, attorney's fees, or other litigation-related expenses. *E.g.*, *De La Torre v. Wright Nat'l Flood Ins. Co.*, 2019 WL 8014548, at *2 (S.D. Fla. Sept. 20, 2019);

for summary judgment (Doc. 17) and **DISMISSES** this case with prejudice under Federal Rule of Civil Procedure 56.

**DONE** and **ORDERED** February 24, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

*Rodriguez v. Wright Nat'l Flood Ins. Co.*, 2018 WL 8334569, at *2 (S.D. Fla. Aug. 14, 2018); *Chatman v. Wright Nat'l Flood Ins. Co.*, 2017 WL 3730558, at *2 (M.D. Fla. June 21, 2017).